IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN M. HARMER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-175 |
| | : | |
| MARK CAPOZZA, *et al.* | : | |

# ORDER

**AND NOW**, this 29th day of August 2019, upon careful and independent consideration of the Petition for a writ of *habeas corpus* (ECF Doc. No. 1), Petitioner's first supplemental *habeas* Petition (ECF Doc. No. 5), Petitioner's second supplemental *habeas* Petition (ECF Doc. No. 9), Response (ECF Doc. No. 15), Petitioner's Reply (ECF Doc. No. 16), United States Magistrate Judge Timothy R. Rice's July 12, 2019 Report and Recommendation (ECF Doc. No. 40), Petitioner's Objections (ECF Doc. No. 43), Opposition (ECF Doc. No. 45), Petitioner's Reply (ECF Doc. No. 46), and for reasons in the accompanying Memorandum, it is **ORDERED**:

1. Judge Rice's July 12, 2019 Report and Recommendation (ECF Doc. No. 40) is **APPROVED in part**;

2. We **overrule** Petitioner's Objections (ECF Doc. No. 43) **in part** and **grant** the Objections **in part** but find the granted Objections do not warrant granting the Petition;

3. We **DENY** and **DISMISS** the Petition for a writ of *habeas corpus* (ECF Doc. No. 1) and first and second supplemental Petitions (ECF Doc. Nos. 5, 9) with prejudice;

4. We issue a certificate of appealability as to Petitioner's claim of his trial counsel's inherent conflict automatically requiring a finding of ineffective assistance under the Sixth

Amendment based on an undisclosed successive representation of a co-defendant in the same criminal case;[1] and,

    5.    The Clerk of Court shall **CLOSE** this case.

                                      KEARNEY, J.

---

[1] *See* 28 U.S.C. § 2253(c)(2),(3).