IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN M. HARMER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 5: 18-175** |
| | : | |
| **MARK CAPOZZA, *et al*** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **April 28, 2023**

A Pennsylvania state court jury convicted Stephen Harmer of second-degree murder and other crimes. The judge sentenced him to life imprisonment. His counsel represented him at trial and on appeal. Another lawyer moved for post-trial relief arguing the ineffectiveness of his earlier counsel. The state trial and appeal courts denied all his motions. He then petitioned for habeas relief arguing his trial counsel's conflict of interest in earlier and very briefly representing a co-conspirator defendant who later testified against him warranted habeas relief. Judge Rice held an extended evidentiary hearing, including evaluating trial counsel's testimony. Judge Rice issued a detailed Report and Recommendation we deny Mr. Harmer's habeas petition. We separately studied the entire record, agreed with Judge Rice, and found his trial counsel's alleged conflict did not create grounds for habeas relief. Our Court of Appeals agreed and the Supreme Court denied certiorari.

Mr. Harmer returns now arguing the ineffectiveness of his trial counsel for a different reason: his trial counsel did not tell Judge Rice he served as co-counsel in another case with the co-conspirator's counsel. He claims a fraud on the Court warrants habeas relief. This information does not raise a new constitutional question nor does the relationship between his trial counsel and a

co-conspirator's trial counsel in another case suggest, let alone demonstrate, his actual innocence. Mr. Harmer's present petition is a second or successive petition which cannot proceed without approval from our Court of Appeals. We dismiss his petition and find no basis for a certificate of appealability.

## I.    Background

Stephen Harmer, along with brothers Cody and Kyle Wunder, broke into Douglas Herr's Lancaster County residence, murdered him with a rifle, and stole approximately $200,000 on August 17, 2012.[1] The police arrested and charged the three co-conspirators with murder, burglary, robbery, conspiracy, and other related offenses.[2]

Attorney Mark Walmer represented Mr. Harmer during his September 2012 interview with the Lancaster County District Attorney.[3] Attorney Christopher Lyden billed 1.5 hours to the County for his representation of charged co-conspirator Cody Wunder. Attorney Lyden never met or spoke with Cody Wunder.[4] Cody Wunder replaced Attorney Lyden with privately retained Attorney Cory J. Miller in October 2012 for his preliminary hearing.[5] Attorney Kristen Weisenberger represented Cody Wunder throughout his case and through sentencing.[6] Mr. Harmer then retained Attorney Lyden in October 2012 without knowing of Attorney Lyden's earlier brief representation of Cody Wunder.[7]

Mr. Harmer went to trial in August 2013 with Attorney Lyden as trial counsel.[8] Kyle and Cody Wunder, in exchange for plea agreements, testified for the Commonwealth at Mr. Harmer's trial.[9] The jury found Mr. Harmer guilty of second-degree murder, robbery, criminal conspiracy to commit robbery, burglary, and criminal conspiracy to commit burglary.[10] The state court judge sentenced Mr. Harmer to life imprisonment on October 2, 2013.[11]

### *Mr. Harmer's unsuccessful direct appeal.*

Mr. Harmer through his trial counsel Attorney Lyden appealed the judgment of sentence alleging prosecutorial misconduct during trial closing arguments and an inadequate, erroneous, and prejudicial jury instruction on felony murder.[12] The Superior Court affirmed the judgment of sentence on July 24, 2014.[13] The Pennsylvania Supreme Court denied discretionary review on December 26, 2014.[14] Attorney Lyden represented Mr. Harmer throughout the direct appeal.

### *Mr. Harmer seeks post-conviction relief challenging Attorney Lyden's effectiveness.*

Mr. Harmer *pro se* petitioned for relief under Pennsylvania's Post-Conviction Relief Act.[15] The Court appointed Mr. Harmer counsel.[16] Mr. Harmer alleged ineffective assistance of counsel by trial counsel Attorney Lyden.[17] The Post-Conviction Relief Court dismissed Mr. Harmer's petition in September 2016. The Pennsylvania Superior Court affirmed dismissal in June 2017 and the Pennsylvania Supreme Court denied review in November 2017.[18]

### *Mr. Harmer unsuccessfully seeks habeas relief challenging Attorney Lyden's conflicts.*

Mr. Harmer *pro se* petitioned for federal habeas relief on January 12, 2018.[19] Mr. Harmer alleged Attorney Lyden's undisclosed former representation of Cody Wunder created an actual conflict of interest constituting ineffective assistance of counsel under the Sixth Amendment.[20] Mr. Harmer did not raise this issue in his *pro se* Post-Conviction Relief Act petition.[21] We referred Mr. Harmer's petition to Judge Rice for a Report and Recommendation.[22] Judge Rice held two evidentiary hearings on Mr. Harmer's new conflict of interest claim.[23] Judge Rice issued a detailed Report and Recommendation recommending we deny Mr. Harmer's habeas petition.[24] Mr. Harmer objected solely based on Judge Rice's findings on the conflict of interest claim.[25] We overruled Mr. Harmer's objections, adopted Judge Rice's Report and Recommendation, and denied Mr.

Harmer's habeas petition on August 29, 2019.[26] We issued a certificate of appealability as to Mr. Harmer's claim of his trial counsel's inherent conflict automatically requiring a finding of ineffective assistance under the Sixth Amendment based on an undisclosed successive representation of a co-defendant in the same criminal case.[27]

Mr. Harmer filed a Notice of appeal "on the issue [of] whether his trial counsel labored under an actual conflict of interest" with our Court of Appeals on September 18, 2019.[28] Our Court of Appeals affirmed our August 29, 2019 Order denying Mr. Harmer relief.[29] Our Court of Appeals denied Mr. Harmer's allegations "his trial counsel labored under a conflict of interest that adversely affected counsel's performance."[30] The United States Supreme Court denied Mr. Harmer's subsequent Petition for Writ of Certiorari on January 10, 2022.[31]

## II.    Analysis

Mr. Harmer now moves for extraordinary relief under Federal Rule of Civil Procedure 60(d)(1) and 60(d)(3) on the basis of new found evidence demonstrating his trial attorney committed fraud upon the Court.[32] Mr. Harmer newly claims he did not waive an alleged conflict of interest between Attorney Lyden and his co-conspirator's counsel Attorney Miller.[33] Mr. Harmer cites an unrelated case docket allegedly proving Attorney Lyden and Attorney Miller were co-counsel in another case at the same time they were co-counsel for Mr. Wunder.[34] Mr. Harmer argues this is new evidence showing Attorney Lyden committed fraud and lied to Judge Rice during the February 15, 2019 evidentiary hearing about his professional relationship with Attorney Miller.[35] He claims Attorney Lyden "lied, concealed, and repeatedly downplayed his professional relationship" with Attorney Miller during 2012 and 2013 to Judge Rice at the evidentiary hearing.[36] Mr. Harmer argues Attorney Lyden's fraud "successfully thwarted the truth determining process" and a "grave miscarriage of justice has occurred."[37]

4

The District Attorney of Lancaster County counters Mr. Harmer's Rule 60(d) motion is an unauthorized second habeas petition.[38] The District Attorney argues Mr. Harmer did not raise this new conflict of interest claim alleging Attorney Lyden labored under another conflict based upon his association with Attorney Miller in his first habeas petition.[39] The District Attorney contends Mr. Harmer's motion should be dismissed as a second or successive habeas petition filed without leave from our Court of Appeals.[40] The District Attorney further contends Attorney Lyden did not commit fraud upon the Court given a finding of "fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself.'"[41] We agree with the District Attorney and dismiss Mr. Harmer's motion as an unauthorized successive habeas petition.

### A. We dismiss Mr. Harmer's Rule 60(d)(1) motion as an unauthorized second habeas petition.

Congress, through Antiterrorism and Effective Death Penalty Act of 1996, mandates before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.[42] So we must first determine whether we have jurisdiction over Mr. Harmer's Rule 60(d) motion or if it is an unauthorized second or successive habeas petition before reaching its merits.

A Rule 60(d)(1) motion allows us to "entertain an independent action to relieve a party from a judgment, order, or proceeding" and "is generally treated the same as a motion under Rule 60(b)."[43] When "the factual predicate of a petitioner's Rule 60(b) [or Rule 60(d)] motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."[44] But a Rule 60(b) motion which "seeks to collaterally attack the petitioner's underlying conviction, add a new ground for relief, or challenge the federal court's previous resolution of a claim on the merits is deemed a second or

5

successive petition for writ of habeas corpus," requires Mr. Harmer first obtain approval from our Court of Appeals before we may consider the merits.[45] Any claim previously adjudicated in a previous habeas petition or any new claim not relying on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence must be dismissed unless authorized by our Court of Appeals.[46]

We do not have jurisdiction to consider Mr. Harmer's second habeas petition on the merits. Mr. Harmer's Rule 60(d)(1) motion is premised on a new conflict of interest claim not raised in his first habeas petition. The new conflict of interest claim is based on Attorney Lyden allegedly being conflicted during his representation due to his professional association with Attorney Miller who represented co-conspirator Cody Wunder.[47] So, instead of his first petition which challenged Attorney Lyden for himself representing Cody Wunder for a very brief period, Mr. Harmer now stretches to claim Attorney Lyden had a conflict because he had another unrelated case working as co-counsel with Cody Wunder's later counsel.

Mr. Harmer's second claim before us today does not rely on "either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence."[48] His claim is instead based on a tenuous read of some type of conflict regarding Attorneys Lyden and Miller serving a co-counsel in another case. We already reviewed a conflict claim for a lawyer (Attorney Lyden) who earlier represented (albeit briefly) co-conspirator Cody Wunder and later Mr. Harmer.[49] We found no basis for habeas relief.[50] Our Court of Appeals affirmed our judgment.[51] Mr. Harmer does not offer new facts based on this even more extended conflict theory which could show a high probability of actual innocence. He does not suggest a new and retroactive rule of constitutional law. He did not seek authorization from out Court of Appeals to file this second habeas petition.

We must dismiss this second petition as a second and successive petition. We will not address Mr. Harmer's fraud claim on the merits as we must dismiss his Rule 60(d)(1) motion because it is a successive habeas petition.[52]

### B. We find no basis for a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[53] A "final order" includes an order denying extraordinary relief under Rule 60.[54] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[55] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[56]

We decline to issue a certificate of appealability. Reasonable jurists could not find Mr. Harmer presents a new habeas claim relying on "either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence" allowing him to file a second habeas petition without authorization from our Court of Appeals.

### III.   Conclusion

We dismiss Mr. Harmer's Rule 60(d) motion as an unauthorized successive habeas petition. We decline to issue a certificate of appealability.

---

[1] Record, Lancaster County Trial, N.T. C. Wunder, Aug. 8, 2013, at 474-82; ECF Doc. No. 47 at 2.

[2] ECF Doc. No. 25 ¶¶ 1-2.

[3] ECF Doc. No. 34 at 133–38.

[4] ECF Doc. No. 69 ¶ 3.

7

[5] ECF Doc. No. 25 ¶ 24.

[6] ECF Doc.No. 69 ¶ 4.

[7] ECF Doc. No. 34 at 102–04.

[8] *Commonwealth v. Harmer,* No. CP-36-CR-4640-2012 (Lancaster C.C.P. Sept. 1, 2016).

[9] Record, Lancaster County Trial, N.T. C. Wunder, Aug. 8, 2013, at 474-82. The state court sentenced both Cody and Kyle Wunder to life imprisonment on August 15, 2013. ECF Doc. No. 25 ¶ 9.

[10] *Id.*

[11] *Id.* ¶ 10.

[12] *Commonwealth v. Harmer*, No. 1902 MDA 2013, 2014 WL 10913734 (Pa. Super. Ct. 2014).

[13] *Id.*

[14] *See* ECF Doc. No. 10 at 8.

[15] 42 Pa. Cons. Stat. Ann § 9541, *et seq.*

[16] ECF Doc. No. 25 ¶ 19.

[17] *See* ECF Doc. No. 47 at 6, n. 51.

[18] *Commonwealth v. Harmer*, 174 A.3d 79 (Table) (Pa. Super. Ct. 2017); *Commonwealth v. Harmer*, 644 Pa. 300 (2017).

[19] ECF Doc. No. 1. Mr. Harmer retained Attorney Daniel Silverman. Attorney Silverman filed a supplemental petition on Mr. Harmer's behalf. *See* ECF Doc. No. 9.

[20] *Id.*

[21] While Mr. Harmer failed to raise this claim in his post-conviction petition, conceding a procedural default, Mr. Harmer argued Judge Rice should still review his claim because he could show cause for the default and prejudice from the failure to review. Judge Rice found Mr. Harmer showed cause. ECF Doc. No. 40 at 11. Mr. Harmer's post-conviction counsel, Randall Miller, did not discover Attorney Lyden's conflict. ECF Doc. No. 34, at 57 (N.T. R. Miller, Feb. 15, 2019). Judge Rice also found Mr. Harmer sufficiently proved prejudice to excuse his default "because the [conflict] claim is substantial." ECF Doc. No. 40, at p. 12. We agreed with Judge Rice's analysis.

[22] ECF Doc. No. 2.

[23] ECF Doc. No. 34.

[24] ECF Doc. No. 40.

8

---

[25] ECF Doc. No. 43.

[26] ECF Doc. Nos. 47, 48.

[27] *Id.*

[28] ECF Doc. No. 49.

[29] ECF Doc. No. 64. *See also Harmer v. Superintendent Fayette SCI*, No. 19-3146, 2021 WL 3560666 (3d Cir. Aug. 12, 2021), *cert. denied sub nom. Harmer v. Armel*, 142 S. Ct. 826 (2022).

[30] *Id.*

[31] *Harmer v. Armel*, 142 S. Ct. 826 (2022).

[32] ECF Doc. No. 67 ¶ 2.

[33] *Id.* ¶ 12.

[34] *Id.* ¶¶ 3, 48–54.

[35] *Id.* ¶ 2.

[36] *Id.* ¶¶ 55–97.

[37] *Id.* ¶¶ 2, 96–97.

[38] ECF Doc. No. 69 at 7.

[39] *Id.*

[40] *Id.* at 8.

[41] *Id.* at 5.

[42] 28 U.S.C. § 2244(b).

[43] *Quarles v. Samples*, No. 90-3625, 2023 WL 2497864, at *1 (E.D. Pa. Mar. 14, 2023) (citing *Sharpe v. United States*, No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010)).

[44] *Bell v. Larkins*, No. 99-1985, 2019 WL 11731049, at *2 (E.D. Pa. Jan. 3, 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004)).

[45] *Id.* (citing *Gonzalez*, 545 U.S. at 532; *Pridgen*, 380 F.3d at 727).

[46] *Gonzalez*, 545 U.S. at 528–30 (citing 28 U.S.C. §§ 2244(b)(1)-(3)).

[47] *See* ECF Doc. No. 67; ECF Doc. No. 69 at 8.

[48] *Gonzalez*, 545 U.S. at 530.

[49] *See* ECF Doc. No 47.

[50] *Id.*

[51] ECF Doc. No 64.

[52] Even if we could consider the merits of Mr. Harmer's Rule 60(d)(3) motion, he has likely failed to state a claim for fraud upon the Court. Rule 60(d)(3) allows courts to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court must be established by "clear and convincing evidence" and is reserved for "only the most egregious conduct." *Burton v. Horn*, No. 09-2435, 2018 WL 5264336, at *7 (E.D. Pa. Oct. 22, 2018) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.")). Our Court of Appeals instructs "[t]he presumption against reopening a case that has gone through the appellate process all the way to the United States Supreme Court and reached final judgment must be not just a high hurdle to climb but a steep cliff face to scale." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005).

[53] 28 U.S.C. § 2253(c)(1)(A).

[54] *See Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d. Cir. 2021) (requiring a certificate of appealability "when a petitioner appeals the denial of a Rule 60(b) motion.").

[55] 28 U.S.C. § 2253(c)(2).

[56] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).